# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Woodbridge Group of Companies, LLC, *et al.*,<br><br>　　　　Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS) |
| Woodbridge Wind-Down entity, LLC and WB 714 Oakhurst, LLC,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>Monsoon Blockchain <u>Storage</u>, Inc.,<br><br>　　　　Defendant. | Adv. Pro. No. 19-50102 (BLS)<br><br>Re: Docket Nos. 11, 12 |

Colin R. Robinson, Esq.
Pachulski, Stang Ziehl & Jones, LLP
919 Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899

Kenneth N. Klee, Esq.
Klee, Tuchin, Bogdanoff & Stern LLP
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA 90067

*Counsel for Plaintiffs*

Evan T. Miller, Esquire
Bayard, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19801

William A. Smelko, Esq.
PROCOPIO
525 B Street. Suite 2200
San Diego, CA 92101

*Counsel for Defendant*

# MEMORANDUM ORDER[1]

Before the Court is the Motion for Default Judgment (the "Motion")[2] filed by the Plaintiffs;[3] the objection to the Motion (the "Objection")[4] filed by the defendant, Monsoon Blockchain Storage, Inc. ("Monsoon"); and the Plaintiffs' reply[5] thereto. The briefing on the matter has been completed, and the record reflects as follows:

1. On December 4, 2017, the Woodbridge Group of Companies, LLC and its affiliates (the "Debtors") filed petitions for relief under Chapter 11.

2. On February 2, 2019, the Plaintiffs filed an adversary complaint (the "Complaint") against Monsoon concerning ownership of a $318,000 "earnest money" deposit (the "Escrowed Funds") deposited by Monsoon in connection with an agreement dated November 14, 2018 (the "Purchase Agreement") for the purchase of real property located at 714 N. Oakhurst Drive, Beverly Hills, California (the "Property").[6]

3. The Complaint alleges that Monsoon waived "any and all buyer contingencies" under the Purchase Agreement upon signing a Contingency Removal

---

[1] This Memorandum Order constitutes the Court's findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.
[2] AP Docket No. 12.
[3] The Complaint was originally filed on February 12, 2019 by the Woodbridge Group of Companies ("Woodbridge") and Eldredge Investments, LLC ("Eldredge" and, with Woodbridge, the "Original Plaintiffs"). However, after the Debtors' Plan was confirmed by Order dated October 26, 2018 (Main Case Docket No. 2397), and its Effective Date occurred on February 15, 2019 (Main Case Docket No. 3421), the Woodbridge Wind-Down Entity LLC and WB 714 Oakhurst, LLC were substituted for the Original Plaintiffs. For ease of reference, the Original Plaintiffs and the substituted plaintiffs will be referred to herein as the "Plaintiffs."
[4] AP Docket No. 17.
[5] AP Docket No. 22.
[6] Complaint (AP Docket No. 1) ¶¶ 1-2.

No. 2 on December 4, 2018, and, consequently, the Escrowed Funds became non-refundable to Monsoon and payable to Eldredge as liquidated damages if the escrow failed to close as a result of a default by Monsoon.[7]

4. On January 2, 2019, the Bankruptcy Court approved the Purchase Agreement (the "Sale Order") and the Complaint alleges that the parties were obligated to close escrow for the purchase and sale of the Property within fourteen days following the entry of the Sale Order.[8]

5. The Complaint alleges that Monsoon breached its obligations under the Purchase Agreement when it failed to deposit into the escrow the purchase price and other deliverables required under the Purchase Agreement.[9] The Complaint further alleges that Monsoon failed to cure its breach by again failing to close escrow within three days following its receipt of the Demand to Close Escrow.[10]

6. The Complaint alleges that on January 23, 2019, Eldredge, through its legal counsel, notified Monsoon that it was terminating the Purchase Agreement and requested that Monsoon countersign the *Cancellation of Contract, Release of Deposit, and Cancellation of Escrow* (the "Cancellation Instructions").[11] Monsoon refused to execute the Cancellation Instructions and, instead, responded by a letter proposing "three paths forward," (i) returning the Escrowed Funds to Monsoon; (ii) extending

---

[7] *Id.* at ¶¶ 3, 22, 23.
[8] *Id.* at ¶¶ 4-5, 24.
[9] *Id.* at ¶ 6.
[10] *Id.* at ¶ 10.
[11] *Id.* at ¶¶ 7, 26, 27.

the closing date to allow for repairs and appraisal; or (iii) becoming "embroiled in a legal dispute."[12]

7. On February 12, 2019, the Plaintiffs filed the Complaint and served the Complaint and "*Summons and Notice of Pretrial Conference in an Adversary Proceeding*" (the "Summons") upon Monsoon via United States first class mail.[13] The Summons instructed that Monsoon was required to file a motion or answer within 30 days after the issuance of the Summons.[14] However, Monsoon did not file a responsive pleading to the Complaint.

8. On March 28, 2019, the Plaintiffs filed a Request for Entry of Default Against Defendant,[15] which was entered by the Clerk of Court on April 1, 2019.[16]

9. On April 1, 2019, the Plaintiffs filed the Motion; on April 15, 2019, Monsoon filed its Objection; and on May 28, 2019, the Plaintiffs filed their Reply.

## STANDARD

10. The Third Circuit has held that "three factors control whether a default judgment should be set aside or granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct."[17]

---

[12] *Id.* at ¶ 8. *See also* Ex. E (AP Docket No. 8).
[13] Motion at ¶ 3; AP Docket No. 4.
[14] *Id.*
[15] AP Docket No. 10.
[16] AP Docket No. 11.
[17] *Mowafy v. Noramco of Delaware, Inc.*, C.A. No. 05-733, 2007 WL 2828013, *3 (D. Del. Sept. 27, 2007) (citing *Jorden v. Nat'l Guard Bureau*, 877 F.2d 245, 250-51 (3d Cir. 1989)).

11. "The Third Circuit recognizes the court's broad discretion whether to grant a default judgment."[18]

12. Moreover, the Third Circuit disfavors default judgments, preferring that cases be decided on the merits.[19]

## ANALYSIS

13. Monsoon argues that it has several valid defenses to the Complaint, including: (i) unclean hands, alleging that Eldredge principals and agents made repeated promises without any intent to perform those promises, including promises to extend the escrow closing date; (ii) lack of jurisdiction, because it has not filed a proof of claim in the bankruptcy case; (iii) mandatory arbitration required under the parties' contract, (iv) failure of conditions precedent, alleging that Eldredge failed to perform contract obligations relating to inspections, repairs and closing, and (v) waiver and estoppel, alleging that both the terms of the parties' written agreement, and the promises, representations and assurances given to Monsoon by the principals and agents of Eldredge constitute waivers of the Plaintiffs' rights to receive equitable relief as requested in the Complaint.

14. The Plaintiffs contend that the existence of a meritorious defense is a threshold issue in the default judgment analysis,[20] but argue that that Monsoon's defenses rest on improper parol evidence and claims that are foreclosed by the actual

---

[18] *Mowafy*, 2007 WL 2828013, *4 (citing *Hurst v. Rehoboth Beach*, No. Civ.A. 03-362-KAJ, 2005 WL 823867, *3 (D.Del. Mar. 31, 2005))
[19] *Id.* (citing *U.S. v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-94 (3d Cir. 1984)).
[20] *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("The threshold issue in opening a default judgment whether a meritorious defense has been asserted.").

documents. The Plaintiffs rely on Exhibit B to the Complaint (the "Contingency Removal"), which is signed by Monsoon and, they claim, removes all contingencies and expressly acknowledges that Monsoon will "not be entitled to a return of Buyer's deposit if Buyer does not close escrow."[21] Further, the Plaintiffs allege that Monsoon signed a separate Addendum to the Purchase Agreement providing the bankruptcy court with sole and exclusive jurisdiction to interpret and enforce the terms of the Agreement.[22]

15.  Monsoon also argues that the Plaintiffs would not be prejudiced if their Motion is denied due to the short lapse of time between the filing of the Complaint and the filing of the Motion. The Plaintiffs claim that delay contravenes Fed. R. Bank. P. 1001, which directs that "[t]he rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."[23]

16.  As for culpable conduct, Monsoon claims that it did not receive the Complaint and Summons and, when it became aware of the lawsuit, it acted promptly. The Plaintiffs argue in response that the Complaint and Summons were duly and properly served by first class mail upon Monsoon and, in accordance with Delaware law, by UPS Next Day Air Delivery upon Monsoon's own registered agent for service of process.

---

[21] Complaint, Ex. B, ¶ 3.
[22] Complaint, Ex. A.
[23] Fed. R. Bankr. P. 1001.

17. Considering the background and the parties' arguments along with the Third Circuit's standard for granting or setting aside default judgments, this Court finds this matter to present a very close call, but concludes that the Plaintiffs' Motion should be denied. As discussed by the parties, a threshold issue is whether Monsoon has asserted a meritorious defense. At this time, however, Monsoon is not required to establish its defense beyond doubt; instead, it needs to establish a defense that, if proven at trial, would constitute a complete defense.[24] Moreover, there is nothing to suggest that the Plaintiffs' "ability to pursue to the claim has been hindered since the entry of the default judgment by loss of evidence or otherwise."[25] And, finally, the timing of this matter is not so egregious to show willfulness or bad faith conduct by Monsoon.[26]

---

[24] *Hritz*, 732 F.2d at 1181. While Monsoon's proffered defenses appear rather thin in light of all pleadings before the Court, they provide enough material to grant Monsoon the opportunity to be heard on the merits.
[25] *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123 (3d Cir. 1983) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir. 1982) (internal punctuation omitted).
[26] *Gross,* 700 F.2d at 123 (citing *Feliciano*, 691 F.2d at 657)).

Accordingly, it is hereby:

**ORDERED** that the Plaintiffs' Motion for Default Judgment is **DENIED** and the Entry of Default is **SET ASIDE**, and it is

further **ORDERED** that the Court will hold a status hearing on **October 23, 2019 at 9:30 a.m. (ET)** in Courtroom No. 1, United States Bankruptcy Court, 824 N. Market Street, 6th Floor, Wilmington, DE 19801.

BY THE COURT:

Dated: October 10, 2019
Wilmington, Delaware

_____
Brendan Linehan Shannon
United States Bankruptcy Judge

8