# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| WOODBRIDGE WIND-DOWN ENTITY, LLC and WB 714 OAKHURST, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MONSOON BLOCKCHAIN STORAGE, INC.,<br><br>Defendant. | Adv. Proc. No. 19-50102 (BLS)<br><br>**Hearing Date**: TBD<br>**Objection Deadline**: TBD |

## MOTION OF BAYARD, P.A. AND PROCOPIO, CORY, HARGREAVES & SAVITCH, LLP FOR LEAVE TO WITHDRAW AS COUNSEL TO DEFENDANT MONSOON BLOCKCHAIN STORAGE, INC.

Bayard P.A. ("Bayard") and Procopio, Cory, Hargreaves & Savitch, LLP ("Procopio", and together with Bayard, "Withdrawing Counsel"), counsel to Monsoon Blockchain Storage, Inc. ("Defendant") in the above-captioned adversary proceeding (the "Adversary Proceeding"), hereby move (the "Motion") for entry of an order granting Withdrawing Counsel leave to withdraw as counsel to Defendant in the Adversary Proceeding. In support of this Motion, Withdrawing Counsel respectfully states as follows:

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (this "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 7012-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Withdrawing Counsel consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the Parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code, §§ 101–1532, as amended (the "Bankruptcy Code"), Bankruptcy Rule 7012, Rule 11 of the Federal Rules of Civil Procedure, Local Rules 7012-2, 9006-2, and 9010-2(b), and Rule 1.16 of the Model Rules of Professional Conduct of the American Bar Association.

**BACKGROUND**

5. On February 12, 2019, Woodbridge Group of Companies, LLC and Eldredge Investments, LLC (the "Plaintiffs" and, together with Defendant, the "Parties") filed the *Adversary Complaint for: (I) Declaratory Judgment Regarding Ownership of Funds Held in*

*Escrow; and (II) Turnover of Such Property as Property of the Estate* [Adv. D.I. 1] (the "Complaint").

6. On March 28, 2019, the Plaintiffs filed the *Request for Entry of Default Against Defendant* [Adv. D.I. 10]. The Clerk of the Court entered an Entry of Default against Monsoon on April 1, 2019 [Adv. D.I. 11].

7. On or about the time of the Entry of Default, Bayard was retained as Delaware counsel to Monsoon Blockchain Storage, Inc. solely in its capacity as Defendant in the Adversary Proceeding. Bayard has acted as co-counsel to Procopio throughout this case.

8. On April 15, 2020, Defendant filed the *Defendant's Objection to Plaintiffs' Motion for Default Judgment* [D.I. 17]. On October 10, 2019, the Court entered a Memorandum Order denying the Motion for Default Judgment and setting aside the Entry of Default Judgment [Adv. D.I. 24].

9. On November 25, 2019, Defendant filed the *Defendant's Motion to (I) Dismiss in Favor of Arbitration or (II) Alternatively, Transfer Venue* [D.I. 38] (the "Motion to Dismiss").

10. On July 15, 2020, the Court entered a Memorandum Order denying Defendant's Motion to Dismiss [Adv. D.I. 48].

11. As agreed to among the Parties, Defendant's deadline to answer or otherwise respond to the Complaint was August 12, 2020 (the "Answer Deadline").[2]

---

[2] Counsel to the Plaintiffs have agreed to further extend Defendant's Answer Deadline to September 9, 2020 in light of the relief requested herein in order to, *inter alia*, allow Defendant adequate time to retain replacement counsel in connection with the Adversary Proceeding. The Parties intend to file a stipulation regarding the proposed further extension of the Answer Deadline with the Court under Certification of Counsel.

12. At all relevant times during the Adversary Proceeding, Withdrawing Counsel has worked diligently to advance and protect the rights and interests of Defendant and advocate on Defendant's behalf.

13. Following the entry of the Order Denying Motion to Dismiss, Withdrawing Counsel provided Defendant with multiple written requests that Defendant fulfill its obligations to Withdrawing Counsel, in which Withdrawing Counsel provided Defendant with reasonable advisements that its continued failure to fulfill those obligations would cause Withdrawing Counsel to seek leave to withdraw as counsel.

## RELIEF REQUESTED

14. By this Motion, Withdrawing Counsel seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"): (I) granting Withdrawing Counsel's request for leave to withdraw as counsel to Defendant in the Adversary Proceeding; and (II) granting such other relief as is just and proper.

## BASIS FOR RELIEF REQUESTED

15. Pursuant to Local Rule 9010-2(b), an attorney's appearance may not be withdrawn except by leave of the Court, unless another attorney who is a member of the bar of the District Court for the District of Delaware will remain as attorney of record for the withdrawing attorney's client. At the time of filing this Motion, no replacement attorney has entered an appearance on behalf of Defendant and, thus, Withdrawing Counsel requires the Court's leave to withdraw.

16. Under the present facts, ample cause exists for this Court to grant leave for Withdrawing Counsel to withdraw as counsel to Defendant.

17. Specifically, under Rule 1.16(b) of the Model Rules of Professional Conduct of the American Bar Association, a lawyer may withdraw from representing a client if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." Model Rules of Prof'l Conduct R. 1.16(b)(5).

18. Defendant has failed to substantially fulfill an obligation regarding Withdrawing Counsel's services, despite reasonable warning that continued failure to fulfill that obligation would result in Withdrawing Counsel withdrawing from representing Defendant.

19. Finally, given the present status of other adversary proceedings filed by Plaintiff in connection with the above-captioned chapter 11 cases, there is no pressing or immediate exigency sufficient to justify denying Withdrawing Counsel's request for leave to withdraw as counsel in the Adversary Proceeding. Neither Defendant's nor Plaintiff's rights or interests will be materially impacted or harmed if Withdrawing Counsel's request is granted and the Answer Deadline is extended[3] to allow Defendant reasonable time to retain replacement counsel. Accordingly, Withdrawing Counsel's withdrawal "can be accomplished without material adverse effect on the interests of [Defendant]." Model Rules of Prof'l Conduct R. 1.16(b)(1).

## **NOTICE**

20. Notice of this Motion will be served on (i) counsel to the Plaintiffs and (ii) the Office of the United States Trustee for Region 3 by first-class United States mail, and on (iii) Defendant by certified mail, as required by Local Rule 9010-2. Withdrawing Counsel

---

[3] *See* FN 2, *supra*.

respectfully submits that under the circumstances and in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, Withdrawing Counsel respectfully requests this Court enter an order, substantially in the form attached hereto as Exhibit A: (I) granting Withdrawing Counsel's request for leave to withdraw as counsel to Defendant in the Adversary Proceeding; and (II) granting such other and further relief as is just under the circumstances.

Dated: August 13, 2020
Wilmington, Delaware

BAYARD, P.A.

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
Sophie E. Macon (No. 6562)
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:  emiller@bayardlaw.com
          smacon@bayardlaw.com

- and -

PROCOPIO

*/s/ William A. Smelko*
William A. Smelko
525 B Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 525–3834
Facsimile: (619) 744–5447
E-mail:  bill.smelko@procopio.com

*Counsel for Defendant*