## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | |
| WOODBRIDGE GROUP OF | : | Case No. 17-12560 (BLS) |
| COMPANIES, LLC, *et al.*,[1] | : | |
| | : | |
| Remaining Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |
| WOODBRIDGE WIND-DOWN ENTITY, | : | Adversary Proceeding No. 19-50102 (BLS) |
| LLC and WB 714 OAKHURST, LLC, | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | |
| MONSOON BLOCKCHAIN STORAGE, | : | |
| INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER

Defendant, Monsoon Blockchain Storage, Inc., by and through undersigned counsel, hereby submits this Answer to the Complaint filed by Plaintiffs, Woodbridge Wind-Down Entity, LLC and WB 714 Oakhurst, LLC, and avers as follows:

## NATURE OF THE ACTION

1.      Admitted.

2.      Admitted.

3.      The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard #302, Sherman Oaks, California 91423.

further response, admitted that on or about December 4, 2018, Monsoon waived certain Buyer

contingencies under the Purchase Agreement by signing and delivering to Eldredge that certain

Contingency Removal No.2. However, Monsoon at all times made clear the primary

contingency—the source of funds to purchase the property—could not be satisfied until an

Equity Financing Agreement had closed and it had received the funding anticipated therefrom.

This Equity Financing Agreement never closed.

     4.     The allegations set forth in this paragraph attempt to describe the terms of a

written document that speaks for itself. Accordingly, no response is required. To the extent that a

response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of

further response, Monsoon did not release any and all contingencies. As Plaintiffs were, and are,

well aware, Defendant's Equity Financing Agreement never closed and it never had the ability to

purchase the Property, and it does not today have the ability to purchase the Property.

     5.     The allegations set forth in this paragraph attempt to describe the terms of a

written document that speaks for itself. Accordingly, no response is required. To the extent that a

response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of

further response, escrow could not be closed because all contingencies had not been met.

     6.     The allegations set forth in this paragraph attempt to describe the terms of a

written document that speaks for itself. Accordingly, no response is required. In addition,

Defendant is without knowledge or information sufficient to form a belief as to the truth of the

averment that Eldredge was ready, willing, and able to close the escrow on the Closing Date. In

addition, the allegations set forth in this paragraph call for legal conclusions to which no

response is required. To the extent that a response is required, Defendant denies same and leaves

Plaintiffs to their proofs. By way of further response, admitted that Monsoon was unable to close

2

escrow, but denied that Monsoon was in breach and denied there was even a Closing Date because all contingencies had not been met, including the single most important contingency, Defendant's receipt of funding to enable it to purchase the Property.

7.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. In addition, the allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, admitted that Monsoon was unable to close escrow, but Monsoon was not required to close escrow because all conditions precedent had not been met. Eldredge had no right to demand Defendant close escrow, terminate the Purchase Agreement, or demand liquidated damages.

8.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, admitted that Monsoon refused to execute the Cancellation Instructions. However, all conditions precedent were not, and to date have not, been met, and Defendant is under no obligation to purchase the Property.

9.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, admitted that Eldredge sent Defendant a letter.

10.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. In addition, the

allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, Plaintiffs sold the Property for the full purchase price in or about May 2019.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent that a response is required, Defendant denies same.

## JURISDICTION AND VENUE

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. In addition, the allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant admits same.

13.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

14.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

15.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant admits same. By way of further response, Defendant consents to the entry of a final judgment by this Court to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in this adversary proceeding consistent with Article III of the United States Constitution.

16.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant admits same.

## THE PARTIES

17.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent that a response is required, Defendant admits same.

18.     Admitted.

## FACTUAL BACKGROUND

19.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. In addition, the allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, Eldredge terminated the Purchase Agreement and sold the Property to a third party for the full amount that was to be paid by Monsoon under the Purchase Agreement. Eldredge suffered no damages and Monsoon never breached the Purchase Agreement because all conditions precedent were not met.

20.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, admitted that Section 3.A of the Purchase Agreement required Monsoon to make an initial deposit of $318,000.

21.     Admitted.

22.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

23.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

24.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

25.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

26.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, admitted that Eldredge delivered to Monsoon on January 18, 2019 the Demand to Close Escrow.

27.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs. By way of further response, admitted that Eldredge delivered the Termination Notice to Monsoon on January 23, 2019.

28.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

29.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

30.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

31.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. To the extent that a response is required, Defendant denies same.

33.     Admitted that Monsoon denied Eldredge's request for consent to the Escrow Agent's release of the Escrowed Funds. The averments contained in this paragraph are otherwise Denied.

34.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

35.     The allegations set forth in this paragraph attempt to describe the terms of a written document that speaks for itself. Accordingly, no response is required. In addition, the allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same and leaves Plaintiffs to their proofs.

## FIRST CLAIM FOR RELIEF

### Declaratory Judgment Regarding Ownership of Escrowed Funds

36.     Defendant repeats and incorporates the preceding paragraphs as if fully set forth herein.

37.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

38.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

## SECOND CLAIM FOR RELIEF

### Turnover of Property to the Estate (Bankruptcy Code §§ 362 & 542)

39.     Defendant repeats and incorporates the preceding paragraphs as if fully set forth herein.

40.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

41.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

42.     The allegations set forth in this paragraph call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies same.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' claims are barred by the doctrine of mistake.

2.     Plaintiffs' claims are barred by the doctrine of waiver and estoppel.

3.     Plaintiffs' claims are barred by the statute of frauds.

4.      Plaintiffs' claims are barred by the statute of limitations applicable to those claims.

5.      Plaintiffs' claims are barred by the doctrine of failure of consideration.

6.      Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

7.      Plaintiffs' claims are barred by the doctrine of laches.

8.      Plaintiffs' claims are barred in whole or in part by the doctrines of promissory estoppel and judicial estoppel.

9.      Plaintiffs fail to state a claim upon which relief may be granted.

10.     Plaintiffs' damages, if any, were the result of Plaintiffs' own actions.

11.     Plaintiffs' damages, if any, or rights to possession of the subject property, if any, are barred by the acts and omissions of Plaintiffs.

12.     Plaintiffs' claims are barred by the doctrine of novation.

13.     Plaintiffs' claims are barred in whole or in part because Defendant's actions were justified.

14.     Plaintiffs' claims are barred by the doctrine of unclean hands.

15.     Plaintiffs' claims are barred by the doctrine of duress.

16.     Plaintiffs' claims are barred by the doctrine of setoff.

17.     Plaintiffs' claims are barred by the doctrine of unconscionability.

18.     Plaintiffs' claims are barred by the doctrine of impossibility and/or impracticality.

19.     Plaintiffs' claims are or may be barred or reduced, in whole or in part, by Plaintiffs' own negligence, carelessness, want of care, other conduct, or misconduct, including but not limited to Plaintiffs' breach of the implied covenant of good faith and fair dealing.

20.    Plaintiffs' action is or may be barred as Defendant justifiably relied on the representations and recommendations of Plaintiffs to Defendant's detriment.

21.    Plaintiffs' action is brought for an improper purpose with an improper motive, thus entitling Defendant to costs and attorneys' fees incurred in defending this matter.

22.    Plaintiffs' claims are barred or subject to reduction due to the failure to mitigate damages.

23.    Plaintiffs' claims are barred by the doctrine of frustration of purpose.

24.    Defendant expressly reserves the right to raise such further additional Affirmative Defenses as may be available upon the facts developed in discovery or as may be applicable under law.

WHEREFORE, Defendant demands entry of judgment in its favor and against Plaintiffs as to all of Plaintiffs' claims, as well as for attorneys' fees, interest, costs of suit, and such other and further relief that the Court deems proper and just.

COOPER LEVENSON, P.A.
Attorneys for Defendant

Dated:  January 8, 2021          By:    /s/ Edward A. Corma
                                        Edward A. Corma, Esq. (No. 6718)
                                        COOPER LEVENSON, P.A.
                                        30 Fox Hunt Drive
                                        Bear, DE 19701
                                        (302) 838-2600; Fax: (302) 838-1942
                                        ecorma@cooperlevenson.com